## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### CONRAD v. SMITH.

#### APRIL 4, 1895.

1. NEGOTIABLE NOTE—*Joint Makers—Renewal—New Note—Separate Transaction.*—Nearly a month after the protest of a negotiable note on which two makers are bound, one of the makers, for the purpose of paying the note, executes his two negotiable notes, dated on the day of their execution, and with one exception endorsed by new endorsers, and has the same discounted and the proceeds placed to his personal credit in bank. Out of the money thus obtained he pays the original note by his individual check, and the note is marked paid by him and delivered to him, and he assigns the same to an endorser of one of the new notes. This is not a renewal of the first note, but an independent transaction, and the assignee of that note is entitled to demand of the other joint maker of it the payment of one-half thereof for the sole benefit of such assignee, and to the exclusion of the other endorsers of the new notes.

Appeal from a decree of the Corporation Court of the city of Winchester, pronounced July 31, 1893.

*Reversed.*

This was a creditors' bill filed by Wm. G. Kiger, suing on behalf of himself and all other creditors of James B. Taylor, deceased, against the personal representative and heirs of said Taylor. Pending the suit, there were several references to commissioners to take accounts of debts against the estate of said Taylor, and also to make enquiries as to his real estate, and its fee-simple and annual rental value. On the coming in of one of these reports the present controversy arose. The

facts relating to this controversy appear in the opinion of the court.

*John J. Williams*, for the appellant.

*Barton & Boyd*, for the appellees.

RIELY, J., delivered the opinion of the court.

On the 16th of December, 1873, Jas. B. Taylor and W. G. Kiger made their joint negotiable note to the Shenandoah Valley National Bank of Winchester, for $2,400, payable one hundred and twenty days after date, and German Smith endorsed it. When it fell due on the 18th of April, 1874, it was not paid; and being protested for non-payment, the liability of Smith for its payment was thereby fixed. In the meantime Taylor had died.

The note remained in bank unpaid until the 15th of May, 1874, when, the bank demanding its payment, Kiger, for the purpose of raising the money to pay it, made two notes of $1,200 each, payable one hundred and twenty days after date. On one of the notes, German Smith became first endorser, and Holmes Conrad second endorser; and on the other, John P. Seevers was the only endorser. When these notes matured, cn the 15th of September, 1874, they were renewed by the maker with the same endorsers; but when the latter notes became due on the 16th of January, 1875, Kiger induced Conrad to become the sole endorser on another note for $1,200, with which was taken up the note for that amount on which German Smith was first endorser and Conrad second endorser, upon the agreement of Kiger to assign to Conrad, as collateral security to indemnify him against loss by reason of such endorsement, the old note of Taylor and Kiger for $2,400, which had been paid by Kiger on the 15th of May, 1874, when the

first notes for $1,200 were executed, and for one-half of which Kiger had a claim against the estate of his joint maker, Jas. B. Taylor; and upon the further agreement to assign also a bond for $1,000, subject to several large credits, which he held against the said estate. The note so given by Kiger, with Conrad as sole endorser, was subsequently paid by the latter.

When the other note for $1,200, which was endorsed by Seevers, fell due on the 16th of January, 1875, it was taken up by a new note made by Kiger with German Smith as first endorser and Seevers as second endorser. This note, when it matured, was paid by Smith.

It is contended by the counsel for German Smith that the two notes for $1,200 each, given on the 15th of May, 1874, were merely in renewal of the note of Taylor and Kiger for $2,400, and that Smith having been the sole endorser thereon, and having paid one of the two notes for $1,200, he was subrogated to the right of the bank for the sum he had so paid, and that he, and not Kiger, or Conrad as assignee of Kiger, was entitled to collect the one-half of the note for $2,400 from the estate of Jas. B. Taylor. The court below, by its decree entered in a creditors' suit brought for the settlement of Taylor's estate, held that Smith and Conrad were entitled to share proportionately the said claim, and from this decree Conrad appealed.

The facts and circumstances disclosed by the record do not sustain the contention of the counsel for the appellee. The two notes for $1,200 executed on the 15th of May, 1874, were made by Kiger alone, to raise the money to pay the protested note of Taylor and himself. They were not given at or as of the maturity of the old note. They had not the same makers as it. The endorsers, with the exception of German Smith, were different persons and new parties, with different liabilities. Conrad had no knowledge of the use that was to be

made of the proceeds of the notes, and did not then know of
the existence of the note for $2,400, nor for several years
afterwards. The two notes were discounted by the bank,
and their entire proceeds passed, not to the bank to be applied
by it to the payment of the note of Taylor and Kiger for
$2,400, but to the credit of the private and personal running
account of Kiger with the bank, subject to his check. He
drew his individual check on the bank for the payment of the
Taylor and Kiger note, and it was paid out of the moneys
with the bank to his credit. It was not simply stamped
"Paid," but was endorsed, and the endorsement officially
signed by the cashier of the bank in his own handwriting:
"Paid by Wm. G. Kiger, May 15, 1874. H. M. Brent,
Cashier"; and when so cancelled, was delivered to Kiger.
These facts show conclusively that the execution of the two
notes for $1,200 each, on the 15th of May, 1874, was a sepa-
rate and independent transaction, and that they had no con-
nection with the note of Taylor and Kiger for $2,400. When
discounted by the bank, they constituted a new loan from it
to Kiger, and were not in form or substance a renewal of the
old note. The latter was paid by Kiger, one of the joint
makers; the liability of Smith, the endorser, thereby dis-
charged; and the note extinguished, except as evidence of a
claim by Kiger to be reimbursed by Taylor's estate for his
part. No claim against Taylor's estate through or by means
of the said note, or right of subrogation, could accrue to
Smith. His liability as endorser was absolutely discharged,
and his entire connection with the note severed, when Kiger
paid it. To Kiger alone remained any right on the said note;
and it was to him, only evidence of his right to recover one-
half of it from Taylor's estate. He had, therefore, clearly
the right to assign it to Conrad, and Conrad the right to col-
lect it, without in the least infringing on any right of Smith,
for he had no claim to it, either at law or in equity.

Nor has he just cause to complain of the result. He was the sole endorser on the note of Taylor and Kiger for $2,400, both of whom were insolvent when it matured. By the payment of it by Kiger from the proceeds of the two notes for $1,200 each, he was discharged from that entire liability. When Conrad became the sole endorser on the note for $1,200, on which Smith was prior endorser to Conrad, he was released from liability on that note also. It was a new and self-imposed liability when he became first endorser on the other note for $1,200 on which Seevers had been the only endorser, and he cannot complain—at least of Conrad—that he had to pay it.

The Corporation Court of the city of Winchester erred in apportioning between Smith and Conrad the claim of Kiger against the estate of Taylor for one-half of the note for $2,400, which Taylor and Kiger jointly owed, and which Kiger wholly paid; and its decree, which is appealed from, must be reversed.

Reversed.